David A. DeClue, Esq. Town Attorney, Bainbridge
We are in receipt of your letter in which you ask several questions in relation to the furnishing of general ambulance service by an emergency rescue and first aid squad of a fire department ("squad"). In a telephone conversation with this office, you stated that the primary questions you have are:
 1. May a squad, authorized to provide general ambulance service in accordance with General Municipal Law, § 209-b(2)(a), transport nonemergency patients who are residents of the fire district in which the squad is located from a hospital located within a village outside the district to other hospitals outside the district?
 2. If this service is not authorized under section 209-b(2)(a), may the district contract with the village to provide such service under section 209-b(2)(c)?
 3. Does Article 30 of the Public Health Law authorize this service?
At the time that you wrote, the answer to your first inquiry would have been "no" for the reasons expressed in our informal opinion of October 18, 1977 (1977 Op Atty Gen [Inf] 256), copy enclosed. On June 8, 1982, however, General Municipal Law, § 209-b(2) was amended by chapter 162 of the Laws of 1982, effective immediately, to provide in part:
 "a. The governing board of any * * * fire district which has in its fire department an emergency rescue and first aid squad composed mainly of volunteer firemen, by resolution, may authorize any such squad to furnish general ambulance service for the purpose of (1) transporting any sick * * * resident or person found within the * * * fire district to a hospital * * * for treatment and care and returning any such person therefrom if still sick * * * and (2) transporting any sick * * * resident of the * * * fire district from a hospital * * * where such person has received treatment and care to any other place for treatment and care or to such person's home." (Emphasis supplied.)
The purpose of the amendment is to allow the appropriate local governing body to provide by resolution that its volunteer ambulance/emergency squad may, upon request, transport a resident from a point outside the squad's service area to any other point that the resident needs to go (Sponsor's Memorandum in relation to Sen Int 5956, later enacted as L 1982, ch 162). General Municipal Law, § 209-b(2) now clearly authorizes a squad to transport a nonemergency patient who is a district resident from a hospital outside of the district to other facilities outside of the district for treatment and care, subject to the emergency needs of the fire department and any limitations on such service established by rule or contract (General Municipal Law, §209-b[2][h]). The answer to your first inquiry, therefore, is "yes".
With reference to your second inquiry, a fire district may in some circumstances contract with a village outside the district to provide general ambulance service in the village (Town Law, § 176[16]). This may be done only in conjunction with a fire protection contract between the district and the village (General Municipal Law, § 209-b[2][c]; Village Law, § 4-412[9]), or by separate contract for ambulance service alone where the fire department or fire company furnishing fire protection within the village pursuant to a contract does not maintain and operate an ambulance (Village Law, §4-412[9]). Since you state that the village in question is receiving fire protection and general ambulance service in the area within which the hospital is located from the fire department in the village, it appears that the district cannot contract with the village to provide general ambulance service (Village Law, § 4-412[9]).
In order to answer your third question, it is necessary to discuss the provisions of Article 30 of the Public Health Law in some detail. Article 30 establishes a State emergency medical services council with the power, subject to the approval of the Commissioner of Health, to establish minimum standards for emergency medical services, ambulance services and emergency medical technicians, and to develop a statewide emergency medical service system (Public Health Law, § 3002[1] and [2]). The statute also provides for the establishment of regional councils having the responsibility to coordinate emergency medical services within their respective regions and to make determinations of public need for the establishment of additional emergency medical services and ambulance services (id., § 3003[1], [4] and [5]). Regional councils are established within geographic areas designated by the Commissioner, with the advice and consent of the State council (id.,
§ 3011[3]).
Under Article 30, all voluntary ambulance services, which we have previously stated include a fire department rescue squad providing general ambulance service (1975 Op Atty Gen [Inf] 197), must obtain a statement of registration as a condition to their lawful operation (Public Health Law, §§ 3001[3] and 3004[1]). A voluntary ambulance service commencing operation after April 1, 1975 must demonstrate a public need for the establishment of additional emergency medical services pursuant to section 3008 of the Public Health Law prior to the issuance of a statement of registration (id., § 3004[3]). A voluntary ambulance service which was in operation on April 1, 1975 need not demonstrate a public need for such service prior to the issuance of a statement of registration, provided application for such service was submitted prior to September 1, 1975, and provided further that it has not changed its territory of operation (id., § 3009). The determination as to public need is made by the appropriate regional council within which the proposed service will operate, or, if no regional council has been established, by the State council (id., § 3004[3]). An application for a determination of public need required of voluntary ambulance services in operation on April 1, 1975 is to be made in accordance with section 3004(3) (id., § 3009).
If the area of operation of the ambulance service encompasses more than one region established by the Commissioner under section 3011(3), or is in a geographic area not within any such region, then the ambulance service must make application to each appropriate regional council, or where there is no regional council, to the State council (id., § 3010[1]).
Upon receipt of an application for a determination of public need, the regional or State council, as the case may be, must forward notice of such application to all existing ambulance services operating within the appropriate area and to each municipality proposed to be served in such area and each adjoining municipality (id., § 3008[2]).
A voluntary ambulance service may apply for an ambulance service certificate, but it is not required to do so (id., § 3006[1]; 1975 Op Atty Gen [Inf] 197). In order to obtain the certificate, the ambulance service must be registered and must be staffed and equipped in accordance with the rules promulgated under Article 30 of the Public Health Law (Public Health Law, § 3006[2]). As a means of providing incentive to voluntary ambulance services to upgrade their equipment and services, provision is made in Article 30 for the Commissioner to contract with registered voluntary ambulance services to reimburse such services for the expenses they incur in obtaining full certification (id., § 3011[5]; Governor's Memorandum dated June 15, 1974 in relation to Sen Int 7602-A and 10779, enacted as chapter 1053 of the Laws of 1974). The Commissioner is also authorized:
 "* * * for the purposes of effectuating the provisions of [Article 30] in the development of a statewide emergency medical service system, to contract with * * * the fire commissioners of fire districts operating registered or certified voluntary ambulance services for the use of necessary equipment upon such terms and conditions as he shall deem appropriate" (Public Health Law, § 3011[6]; emphasis supplied).
Any ambulance service certificate or statement of registration issued must specify the "usual territory" within which the service operates (id., § 3010[1]). Article 30 does not indicate what areas comprise such territory; it merely requires that the territory be specified in the certificate or statement and prescribes the manner of application where such territory encompasses more than one region established under Article 30, or is in a geographic area not within any such region (id.).
We believe that a squad is authorized to provide general ambulance service only in those territories prescribed in General Municipal Law, § 209-b(2) and Village Law, § 4-412(9) and where by contract with the Commissioner of Health it is authorized to provide the use of necessary equipment under Public Health Law, §3011(6). In the latter instance, the contract can be made only for the purposes and in the manner stated in Public Health Law, § 3011(6), and should only be authorized upon a finding by the board of fire commissioners that the service contracted for can be supplied without undue hazard to the fire district (Town Law, §176[16]).
Other than Public Health Law, § 3011(6), we find nothing in Article 30 that would authorize a squad to furnish, or contract to furnish, general ambulance service in geographic areas, or in any manner, other than as specified in General Municipal Law, § 209-b(2) or Village Law, § 4-412(9). Although Article 30 may require a demonstration of public need where, for example, an ambulance service operated by a squad seeks to operate outside of its fire district by contract between the district and a village under General Municipal Law, § 209-b(2)(c), we do not believe it authorizes a squad to render ambulance service in territories other than those prescribed in section 209-b(2) and Village Law, § 4-412(9), except as provided in Public Health Law, § 3011(6).
The purpose of Article 30 is to upgrade emergency medical services through a statewide structure of regional councils, and to provide financial and technical assistance by the Department of Health as a means of encouraging voluntary ambulances to obtain full certification (Governor's Memorandum dated June 15, 1974, supra). Article 30 does not directly regulate the services provided by voluntary ambulance services (id.), and is by rule subject to the provisions of all pertinent state laws having general application to ambulance services (10 NYCRR, Part 800, § 800.2). General Municipal Law, § 209-b is such a law and, in our view, limits a squad's authority to provide general ambulance service to specific areas and functions. We have previously noted that this authority is not as broad as is contemplated under Article 30 (1980 Op Atty Gen [Inf] 274).
We conclude that a squad may transport nonemergency patients who are district residents from a hospital outside of the district to other medical facilities outside of the district. A fire district may also provide general ambulance service to a village as part of a fire protection contract, or by separate contract where the entity providing fire protection in the village does not provide general ambulance service. A district may also contract with the Commissioner of Health to provide the use of necessary equipment outside the district under Article 30 of the Public Health Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.